FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY R. AMORUSO,<br><br>        Plaintiff,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>        Defendant. | NO: 2:22-CV-0137-TOR<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment. ECF No. 20. Plaintiff has not responded, timely or otherwise. This matter was submitted for consideration with oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Summary Judgment is **granted**.

## BACKGROUND

The following facts are taken from the Statement of Material Facts, Declaration of Patrick Pittman, and attached exhibits. ECF Nos. 21 and 22. Sandra Amoruso executed a promissory note in the original principal sum of

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 1

$116,800 in favor of Accredited Home Lenders, Inc. on September 8, 2006. The Note is secured by a Deed of Trust signed by Sandra Amoruso and Jerry Amoruso which encumbers real property known as 14397 Road A-7 SW, Royal City, WA 99357. The Deed of Trust was recorded on September 14, 2006, in the Grant County property records as #1199762. The Deed of Trust was assigned to U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006-HE1. Select Portfolio Servicing, Inc., acting as attorney-in fact for the Trust, is the loan servicer of the subject mortgage. The Loan Records reflect that the Loan is in default under the Note and Deed of Trust. The Loan Records reflect that no regular payments have been made under the Note since December 1, 2018. A Notice of Default was issued to Sandra Amoruso, dated January 30, 2019. Ms. Amoruso passed away on June 19, 2020. To date, the default has not been cured.

On or about June 28, 2003, a document titled "Declaration of Land Patent" was recorded under Grant County Auditor's Number 1130729, which was signed by Sandra and Jerry Amoruso; however, neither the United States, any federal agency, nor any other party purporting to convey interest in any property was a party to the document.

Mr. Amoruso filed a Complaint in this case seeking quiet title to the subject property in his name because he allegedly has a land patent on the property, and

because all payments on the subject loan, secured by a deed of trust, allegedly were made by November 2018. The Complaint raises three causes of action: (1) to quiet title to the Property in favor of Plaintiff under the land patent; (2) for fraud in accounting alleging Defendant has received all payments due under the Deed of Trust; and (3) for estoppel/unclean hands claiming Defendant has made breaches and material representations that have caused harm to Plaintiff. See ECF No. 1. The Complaint seeks to enjoin Defendant from foreclosing on the Property and to terminate Defendant's security interest in the Property.

## DISCUSSION

### I. Motion for Summary

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## II. Land Patent Argument

A lienholder may proceed with a valid foreclosure on private property with a recorded land patent. *See Federal Land Bank of Spokane v. Redwine*, 51 Wn.App. 766, 769, 755 P.2d 822 (1988). Mr. Amoruso has not shown he has a valid land patent. Even if Mr. Amoruso did have a valid land patent, his quiet title claim would still fail as a lienholder may proceed with a valid foreclosure on private property where a land patent has been recorded. Summary judgment on this issue is granted to Defendant.

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ~ 4

### III. Loan in Default

Defendant has provided evidence that the loan is in default and that no payment on the loan has been made since November 2018. Mr. Amoruso has provided no evidence that the loan was paid in full. Accordingly, Defendant is entitled to summary judgment on this issue.

### IV. No Evidence of Material Misrepresentation

Mr. Amoruso claims Defendant made breaches and material misrepresentations and that Defendant will be unjustly enriched by the existing loan. No evidence supports this allegation. According to the Defendant's evidence, the loan is in default. Mr. Amoruso's allegations do not create a genuine issue of fact. Defendant is entitled to summary judgment on this issue.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment, ECF No. 20, is **GRANTED**.

Plaintiff's Complaint is **DISMISSED** with prejudice.

The District Court Executive is directed to enter this Order and Judgment for Defendant accordingly, furnish copies to the parties, and **CLOSE** the file.

DATED April 13, 2023.



THOMAS O. RICE
United States District Judge